UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD BOWELL,<br><br>                Plaintiff,<br><br>     v.<br><br>A. DIAZ, et al.,<br><br>                Defendants.<br>_____/ | CASE NO.   1:11-cv-01350-AWI-MJS (PC)<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON HIS COGNIZABLE CLAIMS<br><br>(ECF No. 1)<br><br>PLAINTIFF'S RESPONSE DUE WITHIN THIRTY (30) DAYS |

### SCREENING ORDER

**I.    PROCEDURAL HISTORY**

On August 15, 2011, Plaintiff James Edward Bowell, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff's Complaint is now before the Court for screening.

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III. SUMMARY OF COMPLAINT

The Complaint names the following individuals as Defendants: (1) California Department of Corrections and Rehabilitation (CDCR); (2) Kern Valley State Prison (KVSP); (3) A. Diaz, Correctional Officer (CO), KVSP; (4) B. Rodriguez, CO; (5) Arvizu, Gunner Control Officer; (6) C. Waddle, Lieutenant; (7) V. Sica, Sergeant; (8) J. Acebedo, Counselor; (9) C. Lawless, Acting Chief Deputy Warden; (10) J. Castro, Acting Chief Deputy Warden; (11) M.D. Biter, Acting Warden; (12) R. Davis, Facility Captain; (13) D. Foston, Chief Appeals Examiner; (14) M. Mendoza; and (15) D. Hass, Lieutenant.

Plaintiff alleges the following:

On December 3, 2010, Defendant Acebedo "stole or misplaced" an inmate appeal filed by Plaintiff that contained confidential information. Plaintiff filed an inmate appeal

2

based on the missing documents. Defendant Hass reviewed the appeal at the second level and refused to obtain a formal statement from Acebedo. Defendant Castro signed off on the appeal having determined that no wrongdoing occurred. Defendants Davis and Foston, third level appeal examiners, did not investigate Plaintiff's claim further. (Compl. at 8.) The confidential documents and original appeal were never returned. Defendants Acebedo, Hass, Davis, and Foston then attempted to have Plaintiff killed. (Id. at 9.)

On February 28, 2011, Plaintiff told Defendants Diaz and Rodriguez that he and his cell mate "were not compatible", "there was an emergency problem", and that "a serious problem existed . . . ." (Id. at 4.) Plaintiff requested that he and his cell mate be separated immediately because his personal safety was in jeopardy. Defendant Diaz told Plaintiff to "handle your business" and refused to intervene or instruct Defendant Arvizu to open the cell. (Id. at 4.) Plaintiff's cell mate attacked Plaintiff, fracturing his rib, later that day. Plaintiff kicked on the door for help but the entire building staff ignored him. Defendant Waddle eventually sent Plaintiff to the medical clinic for treatment. (Id.) Defendants Diaz, Rodriguez, and Arvizu manufactured the circumstances such that Plaintiff would be attacked in his cell. (Id. at 5, 8.)

Plaintiff filed an inmate appeal complaining that Defendants Diaz, Rodriguez, and Arvizu knowingly failed to protect him from harm. On March 20, 2011, Defendant Sica interviewed Plaintiff regarding his appeal. "[A]s a form of retaliation [Sica] placed [Plaintiff] into a small coffin type wire mesh cage . . . and forced [Plaintiff] to perform a strip search naked in front of" another CO. (Id. at 5.) Defendants Biter, Lawless, Castro, Davis, and Foston reviewed Plaintiff's appeal and determined that staff involved did not violate KVSP policy. (Id. at 7.)

3

CDCR maintains a custom or policy of negligently hiring, training, and supervising correctional officers. Plaintiff was also attacked by Defendant Mendoza and another cell mate at Salinas Valley State Prison. (Id. at 10.)

Plaintiff contends that the Defendants conspired to violate his First, Eighth, and Fourteenth Amendment rights.

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 678-79.

///

**B.    Eleventh Amendment Immunity**

Plaintiff contends that the CDCR is liable for the violations alleged because it maintains a custom or policy of negligently hiring, training, and supervising correctional officers. (Compl. at 10.) The CDCR and KVSP are both identified as Defendants in this action. Plaintiff is advised that he may not sustain an action against either the CDCR or KVSP.

The Eleventh Amendment "'erects a general bar against federal lawsuits brought against the state.'" Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (quoting Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003)). Plaintiff may not bring suit against the CDCR in federal court because it is a state agency and is entitled to Eleventh Amendment immunity. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Because KVSP is a part of the CDCR, a state agency, it also enjoys Eleventh Amendment immunity from suit. Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (holding that state prison was a state agency entitled to sovereign immunity). Plaintiff's claims against the CDCR and KVSP are therefore dismissed with prejudice.

**C.    Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect

5

inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

### 1. Failure to Protect

Plaintiff alleges that on February 28, 2011, he told Defendants Diaz and Rodriguez that he needed to be separated from his cell mate immediately. Plaintiff told Diaz and Rodriguez that it was an emergency and a matter of his personal safety. Diaz responded "handle your business" and refused to intervene or instruct Defendant Arvizu to open Plaintiff's cell. Rodriguez took no action. Plaintiff's cell mate attacked Plaintiff, fracturing his rib, later that day. Defendant Waddle eventually sent Plaintiff to the medical clinic for treatment. (Compl. at 4.)

Taking these allegations as true, as we must at this stage of the proceedings, Plaintiff has satisfied both elements of his Eighth Amendment claim against Defendants Diaz and Rodriguez. He directly advised Diaz and Rodriguez that he faced a risk of harm and repeatedly characterized the risk as one that needed immediate attention. The risk described was not of a kind that could reasonably be rejected out-of-hand as non-serious. However, according to the pleadings, that is precisely what these two Defendants did. They simply discounted or ignored the risk, apparently without making any inquiry to evaluate or otherwise respond to it. Indeed, the pleading suggests they callously disregarded it by telling Plaintiff to take care of it himself.

On the other hand, Plaintiff has failed to allege that Defendants Arvizu and Waddle

6

were likewise aware of the risk of harm. The only cogent factual allegation linking Arvizu to the violation is that Diaz refused to order Arvizu to open Plaintiff's cell. Plaintiff does not allege that Arvizu was actually aware of the risk of harm and thus fails to state a cognizable claim against him. With regard to Defendant Waddle, it is not clear from the allegations how his conduct contributed to the violation of Plaintiff's rights. It was allegedly Waddle who discovered Plaintiff injured and secured medical care. The Court will grant Plaintiff leave to amend his Eighth Amendment claims against Defendants Arvizu and Waddle. In order to state a claim, Plaintiff must demonstrate that the Defendants knew of and disregard a substantial risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847.

2. Plot to Kill

Throughout the Complaint Plaintiff contends that Defendants Acebedo, Hass, Davis, Foston, Diaz, Rodriguez, and Arvizu purposely organized the attack to kill Plaintiff. (Id. at 5, 8, 9.) Plaintiff provides no factual allegations to support this claim. It appears it is based solely on speculation or supposition. The Court is not required to accept simple conclusions as true. Iqbal, 556 U.S. at 678-79. As pled, Plaintiff has failed to demonstrate that the aforementioned Defendants are liable based on their roles in a purported plot to kill Plaintiff. Should Plaintiff choose to amend this particular claim, he must supply sufficient factual detail to raise his claims above the speculative level. Id.

3. Inmate Appeal

Plaintiff filed an inmate appeal regarding the attack that was reviewed at various administrative stages by Defendants Biter, Lawless, Castro, Davis, and Foston. Plaintiff asserts these Defendants are liable because they determined that no misconduct had occurred. (Compl. at 7.) Generally, denying a prisoner's administrative appeal does not

cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (rejecting an administrative complaint about a completed act of misconduct is not a basis for liability).  However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.  That circumstance has not been presented here, as the failure to protect was not an ongoing violation when the Defendants reviewed Plaintiff's appeal. See, e.g., Kunkel v. Dill, 2012 WL 1898900, *27 (E.D. Cal. May 23, 2012).

Plaintiff's Eighth Amendment claims against Defendants Biter, Lawless, Castro, Davis, and Foston based on their conduct in reviewing Plaintiff's inmate appeal are dismissed with prejudice.  See Cato v. United States, 70 F.3d 1103, 1106–07 (9th Cir. 1995) (holding dismissal without leave to amend is proper where it is clear that the "deficiencies of the complaint could not be cured by amendment.").

    **D.**    **First Amendment**

        1.    Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff alleges that (1) Defendant Sica ordered Plaintiff to perform a strip search in front of another CO while confined in a "coffin type wire mesh cage" (2) because (3) Plaintiff filed an inmate grievance about the incident in his cell. Plaintiff further alleges that the search (4) chilled Plaintiff's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate correctional goal. (Compl. at 5.)

Plaintiff alleges that Sica ordered the search during an interview regarding Plaintiff's appeal. (Id.) Plaintiff has satisfied the third element of his retaliation claim; filing a prison grievance is a First Amendment protected activity. Rhodes, 408 F.3d at 567.

Plaintiff alleges that was forced into "a small coffin type wire mesh cage . . . and forced . . . to perform a strip search naked in from of C/O Volker." (Compl. at 5.) These allegations are sufficient to satisfy the first and fourth elements of Plaintiff's retaliation claim. See Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006) (adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity); Rhodes, 408 F.3d at 568, n. 11 (Plaintiff need not explicitly allege a chilling effect, "allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect.").

The fifth prong requires a prisoner to allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. This is not a high burden

to reach. See id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). The Complaint alleges that the search served no purpose other than to punish Plaintiff for filing his claims. (Compl. at 4.) Thus, the Court finds that Plaintiff has satisfied the fifth element of his retaliation claim.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim, 584 F.3d at 1271. A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

Plaintiff alleges Sica forced him to perform the strip search because Plaintiff filed his grievance. The search did occur during an interview for Plaintiff's appeal. However, Plaintiff provides no other information that might be said to support his conclusion that Sica was motivated by Plaintiff's protected conduct. Plaintiff's conclusion that Sica acted out of retaliation, without more information regarding causation, again amounts to nothing more than speculation and is insufficient to support a claim.

Plaintiff has satisfied all the elements of his retaliation claim except causation. The Court will grant leave to amend. In order to state a cognizable claim, Plaintiff must allege facts demonstrating that the protected activity motivated Defendant Sica to commit the

adverse acts. Plaintiff must also reallege the facts necessary to satisfy the remaining elements of his retaliation claim. In this regard, while the allegation that the search had no valid peneological purpose may be sufficient to survive screening, Plaintiff is encouraged to give some thought as to whether he can prove that allegation and, if not, whether he might be better served by focusing on his failure to protect claims.

                2.        Missing Grievance

Plaintiff also asserts an unspecified First Amendment violation based on a stolen or missing appeal. The Complaint alleges that Defendant Acebedo is responsible. Plaintiff also alleges that Defendants Hass, Castro, Davis, and Foston contributed to the alleged violation by failing to properly investigate the incident in the appeal process. (Compl. at 8, 9.)

There is a First Amendment right to petition the government through prison grievance procedures. See Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009); Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). However, there is also a general requirement that there be some kind of injury to state a cognizable claim. See Brodheim, 548 F.3d at 1269 (quoting Rhodes, 408 F.3d at 567-68) (prisoner must allege that an adverse action taken in response to prisoner's protected First Amendment activity chilled prisoner's exercise of his First Amendment rights); Lewis v. Casey, 518 U.S. 343, 346-348 (1996) (recognizing a fundamental constitutional right of access to the courts, but also requiring that plaintiff show he suffered from an actual injury).

The Complaint does not identify any actual injury. Moreover it is clear Plaintiff does not know whether the grievance was misplaced on purpose or by accident. As pled, Plaintiff has failed to state a claim against Defendant Acebedo. Plaintiff must plead more

11

than mere negligence in a § 1983 action. Daniels v. Williams, 474 U.S. 327, 333 (1986). The Court will grant Plaintiff leave to amend and undertake to clarify this claim if he is aware of truthful facts supporting a claim that the grievance was intentionally sabotaged.

To the extent Plaintiff is seeking to redress deficiencies in the appeal process, he is advised that the existence of an inmate appeals process does not create a protected liberty interest as a basis for a claim that the result of the appeal should have been different or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

### E.    **Fourth Amendment**

The Fourth Amendment prohibits only unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558, 99 S.Ct. 1861 (1979); Byrd v. Maricopa Cnty. Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir. 2011), *cert. denied*, 131 S.Ct. 2964 (2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails. Bell, 441 U.S. at 558-59 (quotations omitted); Byrd, 629 F.3d at 1141; Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332-34. Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. Bell, 441 U.S. at 559 (quotations omitted); Byrd, 629 F.3d at 1141; Bull, 595 F.3d at 972; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 332.

Plaintiff contends that the strip search ordered by Defendant Sica was an

independent violation of Plaintiff's Fourth Amendment rights. The details of the search are vague and merely reflect Plaintiff's conclusion that the search was retaliatory without any facts suggesting how, why, or when the search was conducted in such a way as to render it unreasonable. A strip search in a confined area prior to Plaintiff appearing at a hearing is unlikely to violate the Fourth Amendment. Generally, strip searches do not violate the Fourth Amendment rights of prisoners. See Michenfelder, 860 F.2d at 332-33; see also Bell, 441 U.S. at 558 (routine visual body cavity searches do not violate prisoners' Fourth Amendment rights). The Court will grant Plaintiff leave to amend. In order to state a cognizable claim, Plaintiff must describe the circumstances of the search in detail so as to include facts upon which the Court could find a plausible claim of unreasonable search.

### F.     Fourteenth Amendment

Plaintiff contends that his rights to procedural and substantive due process were violated, but offers no description of the alleged violations or how any of the Defendants participated. (Compl. at 5, 6.) As pled, Plaintiff has failed to state a claim. Iqbal, 556 U.S. at 678-79. The Court will provide Plaintiff with an opportunity to amend. The following two sections of this order provide legal standards that may be applicable to Plaintiff's claims.

#### 1.     Procedural Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from

13

restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

### 2. Substantive Due Process

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), cert. denied, 117 S. Ct. 1845 (1997), overruled in part on other grounds as recognized by Nitco Holding Corp. v. Boujikian, 491 F.3d 1086 (9th Cir. 2007); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

### G. 18 U.S.C. §§ 241, 242

The Complaint makes several references to a violation of rights afforded by 18 U.S.C. §§ 241, 242. (Compl. at 3, 10.) Plaintiff can not sustain a claim under these statutes. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding 18 U.S.C. §§ 241-242 provide no private right of action and cannot form basis for civil suit). No amendment could cure this deficiency. The claims are dismissed with prejudice.

### H. Conspiracy

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th

Cir. 2010); <u>Franklin v. Fox</u>, 312 F.3d 423, 441 (9th Cir. 2002).

Plaintiff alleges that each of the Defendants conspired to violate the constitutional rights discussed above. The Complaint is devoid of any factual allegations that demonstrate an agreement or meeting of the minds between the Defendants to violate Plaintiff's rights. Bare suspicions and assertions are not sufficient to state a claim. The Court will provide Plaintiff an opportunity to amend. In order to state a cognizable conspiracy claim, Plaintiff must allege facts demonstrating that the Defendants made some kind of agreement or reached an understanding to violate Plaintiff's constitutional rights.

### I.      **Proper Joinder of Multiple Claims And Defendants**

Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or as alternative claims, as many claims as it has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).

Rule 18(a) allows multiple claims against a single party. However, naming multiple defendants is limited by the requirement of Federal Rule of Civil Procedure 20(a)(2) that the right to relief arise out of common events and contain common questions of law or fact.

In his final allegation, Plaintiff contends that Defendant Mendoza, acting as a

coconspirator, attacked Plaintiff at Salinas Valley State Prison. (Compl. at 10.) Plaintiff provides no other facts illustrating how his claim against Mendoza is related to the allegations in the instant complaint. The fact that claims are premised on the same type of constitutional violation(s) (e.g. deliberate indifference) against multiple defendants does not make them factually related. Claims are related when they are based on the same precipitating event or on a series of related events caused by the same precipitating event. Unrelated claims involving multiple defendants belong in different suits. See George, 507 F.3d at 607.

Based on the facts alleged, Plaintiff's claims involve multiple defendants and are unrelated. Therefore Plaintiff has failed to state a cognizable claim. The Court will grant Plaintiff an opportunity to amend. In order to state a cognizable claim, Plaintiff must either plead facts demonstrating how his claims are related or he must file a separate complaint for the unrelated claim against Defendant Mendoza. If Plaintiff chooses to file an amended complaint that does not comply with Rules 18(a) and 20(a)(2), all unrelated claims and defendants will be subject to dismissal.

## V.     **CONCLUSION AND ORDER**

Plaintiff's Complaint states a claim against Defendants Diaz and Rodriguez for the violation of Plaintiff's Eighth Amendment rights, but does not state a claim against any of the remaining Defendants. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on his cognizable claims, Plaintiff may so notify the Court in writing, and

16

the Court will recommend that his other claims be dismissed. Plaintiff will then be provided with a summons and USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Diaz and Rodriguez.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. 678-79 . Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, OR

    b. Notify the Court in writing that he does not wish to file an amended

17

complaint and is willing to proceed only on his cognizable claims; and

      3.     If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   September 27, 2012      /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE