# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD BOWELL, | CASE  No.  1:11-cv-01350-AWI-MJS  (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER |
| v. | (ECF No. 10) |
| A. DIAZ, et al., | FOURTEEN (14) DAY DEADLINE |
| Defendants. | CLERK DIRECTED TO PROVIDE PLAINTIFF WITH COPY OF ORDER TO AMEND OR NOTIFY (ECF No. 10) |

Plaintiff James Edward Bowell is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed August 15, 2011 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff declined Magistrate Judge jurisdiction. (Decline Magistrate, ECF No. 5.)

The Court screened Plaintiff's Complaint and issued its order requiring that Plaintiff, by not later than November 1, 2012, either file an amended pleading or notify the Court of his desire to proceed only on the cognizable Eighth Amendment claim against Defendants Diaz and Rodriguez. (Order Directing Plaintiff to Amend or Notify,

ECF No. 10.) Plaintiff was advised therein that failure to comply with the Court's Order would result in a recommendation for dismissal. (Id. at 18:2-3.) The November 1, 2012 deadline has passed without Plaintiff filing an amended complaint or notice of desire to proceed on the cognizable claim, or requesting an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules.)

Plaintiff has not responded to the Court's order requiring that, by not later than November 1, 2012, he either file an amended pleading or notify the Court of his desire to proceed only on the cognizable Eighth Amendment claim against Defendants Diaz and Rodriguez.

Accordingly, it is HEREBY ORDERED THAT:

1.      Within fourteen (14) days of service of this order, Plaintiff shall show cause as to why his case should not be dismissed without prejudice for failure to comply with the Court's order, or file an amended complaint or notice of his desire to proceed on the cognizable claim,

2.      The Clerk of the Court is directed to provide Plaintiff with a copy of the Order Directing Plaintiff to Amend or Notify (ECF No. 10), and

3.      If Plaintiff fails to show cause or file an amended complaint or notice of

1    desire to proceed on the cognizable claim, the undersigned will

2    recommend this action be dismissed, without prejudice, for failure to

3    comply with an order of the Court.

4

5

6

7

8

9    IT IS SO ORDERED.

10   Dated:    November 19, 2012              /s/ *Michael J. Seng*

11                                  UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28