# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD BOWELL,<br><br>    Plaintiff,<br><br>  v.<br><br>A. DIAZ, et al.,<br><br>    Defendants. | Case No. 1:11-cv-01350-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION AS SUPPLEMENTED FOR TEMPORARY INJUNCTION AND EMERGENCY PRELIMINARY INJUNCTION**<br><br>**(ECF Nos. 19, 21, 22)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

## I.   PROCEDURAL HISTORY

Plaintiff James Edward Bowell is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed August 15, 2011 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendants Diaz and Rodriguez. (ECF No. 17.)

Pending before the Court is Plaintiff's motion for a temporary restraining order and emergency preliminary injunction (ECF No. 19) as supplemented (ECF Nos. 21, 22). Plaintiff requests the Court to order that (1) Corcoran prison guards return eight boxes of legal materials allegedly disposed of on February 8, 2013, or provide an explanation if disposed of, (2) the FBI file criminal charges against Corcoran prison guards, (3) all retaliation against him stop, and (4) he be housed in a single cell for his safety.

## II.   ARGUMENT

Plaintiff is currently confined at High Desert State Prison (HDSP). He complains that

1

during his prior incarceration at Corcoran State Prison (CSP), correctional officer Torres conspired with litigation coordinator Kimbrell, appeals coordinators Cano, Campbell and Panu, correctional officers Cardenas, Gonzalez and Berta, and correctional sergeant Childress to destroy eight boxes of legal documents and materials stored at the facility. Torres threatened Plaintiff he was "capable of having [Plaintiff] put in the ground." (ECF 19 at 12.) Torres conspired with correctional officer Huewe to have Plaintiff attacked by another inmate. Plaintiff claims the eight boxes included evidence against the Defendants in this action.

Plaintiff also requests an emergency order directing CSP warden Gipson to house Plaintiff in a single cell for his safety. He argues this is necessary given previous attacks by cellmates, alleged retaliation and failure to protect by Defendants, and fraud and deceit by CSP nurse Dackerman and the Attorney General.

### III.   ANALYSIS

#### A.   Legal Standard

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008).

To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of

1 | the federal right."

2 | **B.** **Legal Property**

3 | There is nothing before the Court which would justify granting Plaintiff's request for
4 | injunctive relief relating to his legal materials. In the first place, if the eight boxes of legal
5 | documents and materials already have been destroyed, the Court obviously any order that
6 | they be produced would be futile.

7 | Next, Plaintiff has no cognizable claim pending in this action relating to destruction of
8 | his legal property nor does he suggest he might have such a claim against any of the
9 | parties to this action. Federal courts are courts of limited jurisdiction, and in considering a
10 | request for preliminary injunctive relief, the Court is bound by the requirement that as a
11 | preliminary matter, it have before it an actual case or controversy. City of Los Angeles, 461
12 | U.S. at 102; Valley Forge Christian Coll. v. Ams. United for Separation of Church and State,
13 | Inc., 454 U.S. 464, 471 (1982). At this point Plaintiff has no cognizable claim relating to
14 | legal property.

15 | Further, Plaintiff may not enjoin unnamed individuals not before the Court. "A federal
16 | court may issue an injunction if it has personal jurisdiction over the parties and subject
17 | matter jurisdiction over the claim; it may not attempt to determine the rights of persons not
18 | before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir.
19 | 1985). Those acting in concert with a party, may be bound by an injunction issued against
20 | the party pursuant to Federal Rule of Civil Procedure 65. Regal Knitwear Co., v. N.L.R.B.,
21 | 324 U.S. 9, 14 (1945); Golden State Bottling Co., Inc., v. N.L.R.B., 414 U.S. 168, 178
22 | (1973). However, Rule 65 does not confer personal jurisdiction where it otherwise is
23 | lacking. Citizens Concerned for Separation of Church and State v. City and County of
24 | Denver, 628 F.2d 1289, 1299 (10th Cir. 1980). "Having a relationship to an enjoined party
25 | of the sort set forth in Rule 65(d) exposes a non-party to contempt for assisting the party to
26 | violate the injunction, but does not justify granting injunctive relief against the non-party in
27 | its separate capacity." Federal Trade Com'n v. Productive Marketing, Inc., 136 F.Supp.2d
28 | 1096, 1104 (C.D. Cal. 2001), citing Additive Controls & Measurement Systems, Inc., v.

Flowdata, Inc., 96 F.3d 1390, 1395–96 (Fed. Cir. 1996).

Even if all of the contrary were true, Plaintiff fails to allege how interference with his legal property threatens irreparable injury and that the balance of hardship tips in his favor. It is unclear what documents and materials were in the boxes and how it might relate to active cases if at all. See City of Los Angeles, 461 U.S. at 101–102 (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects .").

### C. Retaliation

Similarly, there is no basis for granting Plaintiff injunctive relief against retaliation. Plaintiff's retaliation claim has been dismissed by the Court. (ECF No. 17.) The merits of any such a claim and threat of injury arising therefrom are unsupported by any pleading or any factual allegations before the Court. See City of Los Angeles, 461 U.S. at 101–02 (plaintiff must show "real and immediate" threat of injury). Merely conclusory allegations against unnamed individuals are not sufficient for the Court issue injunctive relief.

Finally, Plaintiff's transfer to HDSP renders moot the need for injunctive relief against CSP parties.

### D. Single Cell

Plaintiff similarly fails to provide the Court a basis for ordering single cell status. The allegation of prior assault by cellmates does not suggest a present and immediate threat of future such irreparable harm. City of Los Angeles, 461 U.S. at 101-02. Absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin v. Connor, 515 U.S. 472, 482–83 (1995) (disapproving the involvement of federal courts in the day-today-management of prisons).

And as with Plaintiff's retaliation claim, his transfer to HDSP renders moot any need for injunctive relief against CSP parties.

## IV. **LEGAL CONCLUSIONS AND RECOMMENDATIONS**

Plaintiff fails to allege facts suggesting the need for and entitlement to injunctive relief. The undersigned recommends that Plaintiff's motion for a temporary restraining order and emergency preliminary injunction (ECF No. 19) as supplemented (ECF Nos. 21, 22), be DENIED WITHOUT PREJUDICE.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 13, 2013          /s/ *Michael J. Seng*
                                                                  UNITED STATES MAGISTRATE JUDGE