# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD BOWELL,<br><br>          Plaintiff,<br><br>     v.<br><br>A. DIAZ, et al.,<br><br>          Defendants. | Case No. 1:11-cv-01350-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF**<br><br>**(ECF No. 28)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

### I.  PROCEDURAL HISTORY

Plaintiff James Edward Bowell is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed August 15, 2011 pursuant to 42 U.S.C. § 1983. This matter arose at Kern Valley State Prison (KVSP) and proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendants Diaz and Rodriguez. (ECF No. 17.)

Pending before the Court is Plaintiff's motion for emergency injunctive relief. (ECF No. 28.) Plaintiff, currently housed at High Desert State Prison (HDSP), requests the Court to order that (1) he be permanently housed in a single cell, (2) HDSP Correctional Officer Rivera (a non-party allegedly conspiring and acting in concert with KVSP Defendants Correctional Officers Diaz and Rodriguez to retaliate against Plaintiff by having him attacked and murdered) be arrested and prosecuted for conspiring to violate federal rights

pursuant to 18 U.S.C. §§ 241, 242,[1] (3) he and his twelve boxes of legal materials and television be placed in federal protective custody for the balance of his criminal sentence, (4) HDSP Warden Foulk be ordered to return Plaintiff's property and provide computer and law library access, and (5) all retaliation against him stop.

## II.  ARGUMENT

Plaintiff claims that Rivera, who is not a party to this action, is acting with Defendants to have Plaintiff attacked and murdered as retaliation against Plaintiff, and that Rivera and HDSP Warden Foulk are intentionally depriving Plaintiff of his legal materials and law library access in order to interfere with Plaintiff's pending civil rights cases.

Plaintiff asserts that given previous attacks by cellmates, Defendant's alleged retaliation and failure to protect, and the ongoing conspiracy to deprive Plaintiff of court access, emergency injunctive relief is necessary for his safety.

## III.  ANALYSIS

### A.  Requirements for Injunctive Relief

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008).

The party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

Federal courts are courts of limited jurisdiction, and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles, 461 U.S. at

---

[1] Plaintiff was previously advised that there is no individual right of action to enforce 18 U.S.C. §§ 241, 242. (ECF No. 10 at 14:17-22.)

102; <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471 (1982).

Requests for prospective (ongoing) injunctive relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

### B. No Injunction Against Non-Parties Rivera and HDSP Staff

Neither Rivera nor any other member of the staff at HDSP is a party to this action. Plaintiff may not seek an injunction against a non-party to his action.

A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985). Those acting in concert with a party may be bound by an injunction issued against the party pursuant to Federal Rule of Civil Procedure 65. <u>Regal Knitwear Co., v. N.L.R.B.</u>, 324 U.S. 9, 14 (1945); <u>Golden State Bottling Co., Inc., v. N.L.R.B.</u>, 414 U.S. 168, 178 (1973). However, Rule 65 does not confer personal jurisdiction where it otherwise is lacking. <u>Citizens Concerned for Separation of Church and State v. City and County of Denver</u>, 628 F.2d 1289, 1299 (10th Cir. 1980).

Plaintiff has not named Rivera or any other HDSP staff member as a defendant in this action. The Court has no jurisdiction over HDSP staff members and no authority to issue an order directly impacting them. This is so even if so even if, as Plaintiff alleges, KVSP staff is conspiring and acting in concert with the Defendants named in this action. <u>Federal Trade Com'n v. Productive Marketing, Inc.</u>, 136 F.Supp.2d 1096, 1104 (C.D. Cal. 2001), <u>citing</u> <u>Additive Controls & Measurement Systems, Inc., v. Flowdata, Inc.</u>, 96 F.3d 1390, 1395–96 (Fed. Cir. 1996).

Nor can the Court enjoin KVSP staff from acting "in concert" with any previously enjoined Defendant in this action. "Having a relationship to an enjoined party of the sort set

forth in Rule 65(d) exposes a non-party to contempt for assisting the party to violate an injunction. Federal Trade Com'n, 136 F.Supp.2d at 1104. However, here the Court has denied Plaintiff's request to enjoin Defendants in this action. (ECF No. 30.) Moreover, had the Court issued an injunction against the KVSP Defendants, Plaintiff's transfer to HDSP would have rendered such injunctive relief moot (unnecessary). Preiser v. Newkirk, 422 U.S. 395, 402–03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). There is no existing injunction enforceable against HDSP staff.

Even if the Court had the power to enjoin HDSP staff, the specific injunctive relief sought by Plaintiff fails for the reasons discussed below.

**C.    No Underlying Claim for Retaliation, Legal Property and Access to Courts**

Plaintiff's retaliation claim has been dismissed by the Court.[2] (ECF No. 17 at 2:15-19.) Plaintiff has no pending cognizable claim for destruction of his legal property or denial of access to courts. (Id.) Nor does Plaintiff suggest the possible existence of such claims against any of the parties to this action.

Plaintiff can not seek injunctive relief where there is no underlying federal claim. City of Los Angeles, 461 U.S. at 101–02 (plaintiff must show a "case or controversy" and "real and immediate" threat of injury).

An allegation of "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects." See City of Los Angeles, 461 U.S. at 101–102. Plaintiff does not explain how or why there is any ongoing threat of harm.[3]

/////
/////
/////

---

[2] Plaintiff's contention his cognizable "failure to protect" claim is a form of "retaliation" is unsupported in the record.

[3] Plaintiff's allegation HDSP Officer Rivera was previously stationed at KVSP and had a working relationship with Defendants, "implicating ongoing retaliation", (ECF No. 28 at 2) is neither included in the pleading nor supported factually.

4

### D.  No Injunction for Single Cell

Plaintiff similarly fails to provide the Court a basis for ordering single cell status.[4] The allegation of prior assault by cellmates does not alone suggest a present and immediate threat of irreparable harm. Id. Moreover, absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin v. Connor, 515 U.S. 472, 482–83 (1995) (disapproving the involvement of federal courts in the day-today-management of prisons).

### E.  No Basis for Reconsideration of Prior Denial of Injunctive Relief

To the extent Plaintiff's motion might be read as seeking reconsideration of the Court's previous denial of emergency injunctive relief relating to return of legal materials and single cell status (ECF No. 30 at 2:11-13), there is no basis for reconsideration. The instant motion does not suggest newly discovered evidence, error by the Court, or a change in controlling law. Fed. R. Civ. P. 60(b)(6); Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

Plaintiff has not demonstrated entitlement to reconsideration of the Court's previous denial of injunctive relief.

## IV.  LEGAL CONCLUSIONS AND RECOMMENDATIONS

Plaintiff fails to allege facts suggesting the need for and entitlement to injunctive relief. The undersigned recommends that Plaintiff's motion for emergency injunctive relief (ECF No. 28) be DENIED WITHOUT PREJUDICE.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another

---

[4] Plaintiff's citation to California Code of Regulations Title 15 § 3377.1(c) is unavailing. Plaintiff has no individualized right to enforce Title 15 regulations. See Chappell v. Perrez, 2011 WL 2296816, *2 (E.D. Cal. June 8, 2011); Lamon v. Cate, 2011 WL 773046, *9 (E.D. Cal. February 28, 2011).

party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 31, 2013              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE