# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD BOWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>A. DIAZ, et al.,<br><br>    Defendants. | Case No. 1:11-cv-01350-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS**<br><br>**(ECF Nos. 42, 45)** |

Plaintiff James Edward Bowell is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter arose during Plaintiff's prior incarceration at Kern Valley State Prison (KVSP). It proceeds on a failure to protect claim against KVSP Defendants Diaz and Rodriguez and just reached the end of its discovery phase August 2, 2014.

On March 13, 2014, Plaintiff filed a motion seeking service of discovery subpoenas on the KVSP Warden and KVSP Litigation Coordinators. On July 24, 2014, Plaintiff filed a motion seeking to enlarge time to submit witness affidavits for use at trial. These motions are before the Court and appropriate for ruling.

**I.      DISCUSSION**

    **A.      Discovery Subpoenas**

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents or electronically stored information from a

1

nonparty, Fed. R. Civ. P. 34(c); Fed. R. Civ. P. 45, relevant to his claim. Fed. R. Civ. P. 26(b).

However, the Court will consider granting such a request only if the documents and electronically stored information are not equally available to Plaintiff and are not obtainable from Defendants through a request for production. Fed. R. Civ. P. 34. If Defendants objects to Plaintiff's discovery request, a motion to compel is the next required step. If the Court rules that the documents and electronically stored information are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena of a non-party. Alternatively, if the Court rules that the documents and electronically stored information are not discoverable, the inquiry ends.[1]

Here Plaintiff seeks issuance of subpoenas duces tecum to be served on the Warden and Litigation Coordinators at KVSP for production of information identifying witnesses.

The Court will not issue subpoenas unless Plaintiff has followed the procedure outlined above. Plaintiff's allegations that he attempted to obtain the information and was denied is not sufficient to meet the standard above, i.e., that the information is not equally available and is not obtainable from Defendants through a request for production.

**B.   Enlargement of Time for Witness Subpoenas**

Plaintiff's motion for enlargement of time to submit witness affidavits for use at trial is premature and will be denied on that basis. The Court has not yet scheduled dates for submission of trial exhibits.

If Plaintiff wishes to extend the August 2, 2014, discovery deadline he may file a motion with the Court.  Such a motion must specifically explain what is needed, why it is relevant to this action and reasonably calculated to lead to the discovery of admissible evidence, and why discovery was not completed prior to the deadline.

---

[1] Additionally, Plaintiff should note that the issuance of a subpoena for production of documents and electronically stored information is limited to a place within 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(2)(A).

## II. CONCLUSIONS AND ORDER

Plaintiff has not met the standards for issuance of discovery subpoenas. Plaintiff's motion for extension of time to submit witness affidavits for use at trial is premature because the Court has not yet scheduled dates for submittal of trial exhibits.

Accordingly, for the reasons stated, it is HEREBY ORDERED that Plaintiff's miscellaneous motions (ECF Nos. 42, 45) are DENIED without prejudice.

IT IS SO ORDERED.

Dated: August 4, 2014         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE