# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD BOWELL,<br><br>    Plaintiff,<br><br>  v.<br><br>A. DIAZ, et al.,<br><br>    Defendants. | Case No. 1:11-cv-01350-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO COMPEL INJUNCTIVE RELIEF**<br><br>**(ECF No. 41)** |

Plaintiff James Edward Bowell is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter arose during Plaintiff's prior incarceration at Kern Valley State Prison (KVSP). It proceeds on a failure to protect claim against KVSP Defendants Diaz and Rodriguez.

Plaintiff filed a February 24, 2014 motion to compel injunctive relief from alleged adverse conditions of confinement at High Desert State Prison ("HDSP") where he is currently housed. Defendant has not opposed the motion and the time for doing so has passed. Local Rule 230(*l*).

**I. DISCUSSION**

 **A. Legal Standard**

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008). The party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor."

*Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985), quoting *Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984); see *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

### B.     Plaintiff's Argument

Plaintiff claims HDSP staff retaliated against him by misclassifying him and placing him in administrative segregation; restricting his law library access; interfering with his mail and grievances; denying him access to courts; and confiscating his property. He seeks transfer to a safe prison with a law library.

### C.     Analysis

#### 1.     No Relief Against Non-parties

A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff has not named any HDSP staff member as a Defendant in this action.. The adverse actions attributed to HDSP staff are not in controversy in this proceeding. The Court has no jurisdiction over HDSP staff members and no authority to issue an order directly impacting them. This is so even if, as Plaintiff alleges, HDSP staff is conspiring and acting in concert with the Defendants named in this action. *Federal Trade Com'n v. Productive Marketing, Inc.*, 136 F.Supp.2d 1096, 1104 (C.D. Cal. 2001), citing *Additive Controls & Measurement Systems, Inc., v. Flowdata, Inc.*, 96 F.3d 1390, 1395–96 (Fed. Cir. 1996) (non-party could be held in contempt of injunction against a party but only if aided and abetted party in violating the injunction).

#### 2.     Administrative Discretion of Prison Staff

Even if HDSP staff were parties to this action, absent exceptional circumstances not present here, the Court would not intervene in the day-to-day management of prisons. See e.g., *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial

deference); *Sandin v. Connor*, 515 U.S. 472, 482–83 (1995) (disapproving the involvement of federal courts in the day-today-management of prisons).

### 3. Relief Previously Denied

Finally, to the extent Plaintiff previously sought and was denied the injunctive relief he now seeks, he provides no basis in law or fact for the Court to reconsider prior rulings. (See ECF Nos. 32, 35.) The instant motion does not suggest newly discovered evidence, error by the Court, or a change in controlling law. Fed. R. Civ. P. 60(b)(6); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

## II. FINDINGS AND RECOMMENDATIONS

For the reasons stated, Plaintiff fails to allege facts suggesting the need for and entitlement to injunctive relief. The undersigned recommends that Plaintiff's motion compel injunctive relief from alleged adverse conditions of confinement at HDSP (ECF No. 41) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 5, 2014         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE

3