UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD BOWELL,<br><br>        Plaintiff,<br><br>    v.<br><br>A. DIAZ, et al.,<br><br>        Defendants. | CASE NO. 1:11-cv-01350-AWI-MJS (PC)<br><br>**ORDER GRANTING IN PART MOTION FOR COPIES**<br><br>**(ECF No. 62)**<br><br>**CLERK TO SEND PLAINTIFF COPY OF ECF No. 60** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action, now closed, proceeded against Defendants Diaz and Rodriguez on Plaintiff's Eighth Amendment failure to protect claim.

On February 26, 2015, the parties appeared for a settlement conference before Magistrate Judge Craig M. Kellison, and the matter settled. (ECF No. 57.) The action was dismissed pursuant to the parties' stipulation on March 5, 2015. (ECF No. 61.)

Before the Court is Plaintiff's March 18, 2015 motion seeking (1) "a copy of filed stipulation reflecting a $6,000 win" and (2) a copy of "a page or two" of the reporter's transcript of the February 26, 2015 settlement conference.

To the extent Plaintiff requests a copy of the stipulation, his request will be granted. The Clerk's Office will be directed to send to Plaintiff a copy of ECF No. 60. Plaintiff is advised, however, that the stipulation is not a settlement agreement, and does not contain any information regarding the terms of the parties' settlement. No such document is contained in the Court's docket. Thus, to the extent Plaintiff seeks confirmation of the terms of the settlement, his motion will be denied.

Plaintiff's request for transcript also will be denied. A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500, 1511-12 (9th Cir. 1991), overruled on other grounds by Helling v. McKinney, 502 U.S. 903 (1991). Two statutes must be considered whenever the District Court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the Court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis:

> Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the Court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f); Henderson v. United States,

734 F.2d 483, 484 (9th Cir. 1984). A "substantial question" under § 753(f) is "one which is 'reasonably debatable' based on an objective standard." United States v. Frost, 344 F. Supp. 2d 206, 208 n.1 (D. Me. 2004) (citation omitted). "In addition, the requested trial transcript must be 'required for proper appellate review.'" Id.

The instant case is not a criminal case, there are no pending proceedings before the district judge pursuant to section 636(b), and Plaintiff has not appealed. Thus, there is no basis for ordering the preparation of transcripts at government expense.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for copies (ECF No. 62) is GRANTED IN PART. The Clerk's Office is HEREBY DIRECTED to send Plaintiff a copy of ECF No. 60. In all other respects, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:   March 30, 2015                        /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE